UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

BARRY J. CADDEN, et al.

MEMORANDUM AND ORDER ON THE MOTION OF DEFENDANTS
CADDEN AND CHIN TO COMPEL DISCLOSURE OF THE
GOVERNMENT'S LEGAL INSTRUCTIONS TO THE GRAND JURY
REGARDING THE UNITED STATES PHARMACOPIA

September 15, 2016

STEARNS, D.J.

Putting aside the issue of its timeliness, the motion to compel disclosure is foreclosed by the First Circuit's holding in *United States v. Lopez-Lopez*, 282 F.3d 1, 9 (1st Cir. 2002) (noting that a prosecutor is under no obligation to provide legal instructions to a grand jury beyond correctly stating the elements of the offense being charged). It is true that this court, in ruling on defendants' prior motion to dismiss certain counts of the indictment based on the government's reliance on the United States Pharmacopia (USP) in formulating a theory of criminal liability, faulted aspects of the "speaking" portions of the indictment for appearing to elevate the USP into a statutory code of conduct. Nonetheless, the indictment in its charging language correctly sets out in each instance the elements of the

offense for which the grand jury's concurrence was sought, including the elements of second degree murder under the law of each of the affected states without any gratuitous reference to the USP. *See, e.g.*, Indictment ¶¶ 38-62. Moreover, to the extent that any alleged errors may have occurred in the grand jury proceedings, they will be amply cured by the instructions the court has indicated that it will give to the petit jury in this case. *See United States v. Mechanik*, 475 U.S. 66, 71-72 (1986). Consequently, the motion to compel disclosure is <u>DENIED</u>.

        SO ORDERED.

        /s/ Richard G. Stearns
        _____
        UNITED STATES DISTRICT JUDGE