UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

BARRY CADDEN

MEMORANDUM AND ORDER
ON DEFENDANT CADDEN'S MOTION TO SEVER
AND OFFER TO STIPULATE AS TO THE MECHANISM OF DEATH

December 15, 2016

STEARNS, J.

The motion to sever is <u>ALLOWED</u>, the court having concluded, albeit reluctantly (given the necessity now of three trials rather than two), that this is one of the rare cases in which antagonistic defenses, coupled with an imbalance of evidence, require the severance of the trials of defendant Barry Cadden and codefendant Glenn Chin.  As a rule, severance of defendants charged together with the same crimes is not favored.  *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) (antagonistic defenses do not establish a *per se* right to a severance).  "[T]he antagonism in defenses must be such that if the jury believes one defense, it is compelled to convict the other defendant."  *United States v. Anguilo*, 897 F.2d 1169, 1195 (1st Cir. 1990).

Without unduly compromising the seal placed on Cadden's memorandum in support of the motion to sever, the defense strategy disclosed to the court (as reinforced by oral representations at the December 9 hearing by counsel for both Cadden and Chin) convinces me "that there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. This concern is exacerbated by the prejudicial effect 0f the introduction of causation evidence related to the often agonizing deaths of each of the twenty-five patients who were administered with defective doses of methylprednisolone acetate, originating from NECC, evidence that Cadden has offered to stipulate to (and Chin has not).[1] The motion having been granted, trial will commence against

---

[1] *Old Chief v. United States*, 519 U.S. 172 (1997), which the government cited at the hearing as supporting its absolute right to offer a full record of the twenty-five deaths regardless of the offer of stipulation, is more nuanced in its holding (which is generally considered by its own terms to be limited to the felon-n-possession context. *See United States v. Crowder*, 141 F.3d 1202, 1205 (D.C. Cir. 1998) (*en banc*)). Whether limited or not, in *Old Chief*, the Court held that concealing from the jury, by way of stipulation, the nature of a prior felony conviction intrudes on the government's right to prove up an element of the crime. *Old Chief*, 519 U.S. at 186-187. But the Court also held that admitting the full record of the underlying offense, when its name and nature invites a verdict tainted by improper considerations (in the Fed. R. Evid. 404(b) sense) constitutes an abuse of discretion. *Id.* at 174, 191. Outside of the felon-in-possession context, the First Circuit has encouraged trial judges to seriously explore genuine clear and unequivocal offers to stipulate to bad acts, while stressing that the ultimate decision is committed

Cadden as scheduled on January 4, 2017, with the trial of defendant Chin to

begin after a verdict is returned in the Cadden matter.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

to the sound discretion of the judge. *United States v. Garcia*, 983 F.2d 1160, 1174, 1175 (1st Cir. 1993). Where the teaching of *Old Chief* would seem to have special relevance is in its firm warning against confusing a jury by replacing a narrative with "abstract statements" that can only lead jurors to "wonder what they are being kept from knowing." 519 U.S. at 187, 189. To avoid that pitfall, the court will, as it indicated at the hearing, accept Cadden's stipulation with the following exception. It will permit the government to present evidence demonstrating to the jury the full medical circumstances surrounding the death with respect to a representative victim as well as the certificates attesting to the death of the remaining twenty-four victims. The court will give an appropriate instruction explaining to the jury that while the issue of the cause of death is not in dispute, the evidence is admitted for the purpose of providing the jury with an understanding of the full context of the case.