UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

BARRY J. CADDEN

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
TO EXCLUDE "OUT OF SPECIFICATION" EVIDENCE
AND SUMMARY EXHIBITS [Dkt # 873]

January 31, 2017

STEARNS, D.J.

The motion is <u>DENIED</u>, however, with a caveat. A witness familiar with the underlying documents may present complex records that cannot be conveniently examined in court in a summary form (typically by way of a chart). Fed. R. Evid. 1006. *See United States v. Bray*, 139 F.3d 1104, 1113 (6th Cir. 1998) (charts summarizing daily stamp transactions between two postal clerks engaged in an embezzlement scheme); *United States v. Alicea-Cardoza*, 132 F.3d 1, 4 (1st Cir. 1997) (table listing drug suspect's pager messages); *United States v. Symonevich*, 688 F.3d 12, 22-23 (1st Cir. 2012) (charts comparing defendant's heroin purchases with those of the other 127 customers of a drug ring, offered to rebut any inference of personal use).

The caveat is this. By its own terms, Fed. R. Evid. 1006 does not require that the underlying evidence be actually admitted at trial, but the

court may require the proponent to show that the evidence is admissible and accurately summarized in the chart. *United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006). While a Rule 1006 chart is typically admitted in evidence, a Rule 611(a) pedagogical device distilling and simplifying complex data to aid counsel's argument to the jury is not. *See United States v. Milkiewicz,* 470 F.3d at 397. The difference, as explained in *Bray,* is that charts admitted under Rule 1006 are explicitly intended to reflect the contents of the documents they summarize, and typically are substitutes in evidence for the voluminous originals, while Rule 611(a) pedagogical aids are intended to illustrate or clarify a party's position and may by way of captions or method of organization permissibly promote the inferences and conclusions the proponent seeks to draw from the evidence. 139 F.3d at 1111; *cf. United States v. Johnson*, 54 F.3d 1150, 1157-1161 (4th Cir. 1995) (summary testimony and charts allowed in a complex drug trial as a permissible "pedagogical device" under Fed. R. Evid. 611(a)).

Here the government represents to the court that it has complied with the predicates of admissibility previously established by the court: (1) that a witness establish the reliability of the underlying testing; and (2) that the evidence be limited to drugs that were actually shipped to NECC customers. On that representation, the government will be permitted to present the

testimony and the chart(s). Whether the chart or charts are ultimately admissible depends on the court's determination whether they qualify under Rule 1006, or instead amount to a Rule 611(a) pedagogical device. That, of course, the court cannot do until it hears the testimony and has the opportunity to examine the charts themselves.

SO ORDERED.

/s/ Richard G. Stearns
_____
**UNITED STATES DISTRICT JUDGE**