UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

BARRY J. CADDEN

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
TESTIMONY OF MEGAN LIOTTA [Dkt # 885]

February 3, 2017

STEARNS, D.J.

The motion is <u>DENIED</u>, however, with a caveat. Ours is an adversarial legal system. Typically, the government calls its witnesses in a criminal trial. When the government finishes its case, the defendant, if he chooses, calls witnesses of his own. What the system does not permit is each side attempting to choose the witnesses for the other. The presiding judge, it is true, is encouraged by Rule 104(a) of the Rules of Evidence to exclude the testimony of a witness who is unqualified, or who has invoked a valid privilege. Other rules permit the judge to exclude evidence that is more prejudicial than probative, or is cumulative, or simply a waste of the jury's time. But this is a power not to be exercised liberally in an adversarial system that depends on the litigation judgments of trial lawyers (who are presumed to know their cases better than the judge).

The caveat is this. If Ms. Liotta testifies (as defendant represents she will) to only the faintest of memories of events that transpired on the rim of the remote some ten years ago and to an equally ancient report that she only "assumes she had some involvement with," the government's proposed exhibit 804 will not be admitted, and the jury will be left to wonder about the pointless imposition on their time.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE