UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

BARRY J. CADDEN

MEMORANDUM AND ORDER ON DEFENDANT'S
RENEWED MOTION IN LIMINE
TO EXCLUDE VICTIM IMPACT TESTIMONY [Dkt # 879]

February 5, 2017

STEARNS, D.J.

The motion is <u>ALLOWED</u>, in part. Until 1991, when the Supreme Court in *Payne v. Tennessee*, 501 U.S. 808 (1991) held differently, the Eighth Amendment was understood to prohibit victim impact evidence at the sentencing phase of capital cases, unless it was directly related to the circumstances of the crime. *See Booth v. Maryland*, 482 U.S. 496 (1987). *Payne* overturned *Booth's* complete ban on such evidence, although the decision left standing *Booth's* prohibition on testimony by family members characterizing or offering opinions about the crime, the defendant, and (during the trial) the sentence that should ultimately be imposed. *See Bosse v. Oklahoma*, 137 S. Ct. 1 (2016). *Payne*, it need be stressed, did not rule on the admissibility of victim impact evidence during the sentencing phase of a trial. Like *Booth*, *Payne* dealt with victim impact evidence

offered at a sentencing hearing, *see* 501 U.S. at 25, and, in that context, Chief Justice Rehnquist noted that where "evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism of relief." *Id.*

In the context of the Federal Rules, the due process remedy most closely at hand is located in the legal relevance standard of Rule 403. The Rule provides that evidence, even though relevant, may be excluded "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury, or . . . needlessly presenting cumulative evidence." Beyond that, the Chief Justice observed that the States were free to devise "new procedures and new remedies" for presenting victim impact evidence to the sentencing authority. *Payne*, 501 U.S. at 824-825.

In justifying the relevance of the testimony of victims' family members in this case, the government relies principally on cases in Massachusetts (where none of the identified victims resided) that allow brief testimony regarding the background of a victim (or a photograph of the victim) with a caution by the court to the jurors that any use of that testimony to appeal to their emotions or sympathy is improper. *See, e.g.,*

*Commonwealth v. Mazariego*, 474 Mass. 42, 55-56 (2016). The government also cites a non-published opinion from the Michigan Court of Appeals approving the introduction of a victim's photograph to show his relative size in comparison to the alleged aggressor-defendant; an Indiana Supreme Court case dealing with victim impact evidence offered at the penalty phase of trial; a 1994 North Carolina Supreme Court case upholding the identification by the victim's mother of an autopsy photograph where the identity of the victim was at issue; a 1994 Tennessee Supreme Court case refusing to reverse a jury's verdict where the defendant failed to object to victim impact evidence – noting that even had an objection been made, the evidence would have been admissible as it was offered at the guilt phase of the proceedings; and a 1984 Florida Supreme Court opinion (pre-dating both *Booth* and *Payne*) in which the father of the victim's testimony went directly to the defendant's motive for robbing the victim.

Of all the government's cases, among the affected States, only a pre-*Payne* 1988 Maryland Court of Appeals decision is mildly on point. *See State v. Colvin*, 548 A.2d 506 (Md. 1988). In *Colvin*, the Court took no exception to two and one-half (double spaced, wide margin) pages of unobjected-to, matter-of-fact testimony by the victim's daughter regarding her 82-year-0ld mother's background and general good health, observing in

dicta that the State "is permitted to have the victim briefly and nonprejudicially described." *Id.* at 516. In sum, the government has not offered convincing support for an all-inclusive introduction of victim-description evidence.

Moreover, I do not find the government's argument that the testimony is necessary "to satisfy the elements of the twenty-five murder racketeering acts," at all persuasive. *See* Gov'ts Mem. Dkt # 889. Putting aside the fact that the defendant is not contesting the cause of death in any of these cases, it is impossible to see what expertise of a material nature any of the proffered or proposed witnesses (with the possible exception of Dr. Kashi) bring to the table on the issue of medical causation, or absent any dealings on their part with the defendant, evidence bearing on the issue of whether the defendant acted so unreasonably in the face of a plain and likely result of death that he can be convicted of second-degree murder under the various State laws. As commendably as the government has conducted itself in presenting the three family member witnesses heard so far in a delicate and undramatic fashion, the emotional impact on the jurors has been visible to the court, particularly as the testimony in each instance

has turned inevitably (and understandably) to a description of the suffering of the victim prior to death.[1]

I do believe, as I indicated in my earlier ruling permitting the government to present photos of the victims in its opening statement (and inferentially as exhibits in evidence), that the jury is entitled to see the victims as human beings and that the victims, even posthumously, are entitled to being seen as more as anonymous names listed on a table in the indictment. However, without a more convincing showing that the highest courts of the States under whose law the murder counts are being tried would admit this evidence without restriction, the court believes that family witness victim-description testimony has now reached the Rule 403 undue prejudice tipping point. No further testimony in this vein will therefore be permitted. The court will make an exception in cases in which the government can demonstrate that the witness is competent to testify to an issue pertinent to the defendant's legal guilt.

                SO ORDERED.

                /s/ Richard G. Stearns
                _____
                **UNITED STATES DISTRICT JUDGE**

---

[1] This has particular relevance in light of the government's intention to call medical examiners to offer autopsy evidence in each of the victim's cases, much of which in the court's experience is certain to be gruesome.