UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

BARRY J. CADDEN

MEMORANDUM AND ORDER ON DEFENDANT'S RENWED MOTION
TO EXCLUDE EVIDENCE OF AUTOPSY REPORTS, AUTOPSY PHOTOS,
AND MEDICAL EXAMINER'S TESTIMONY [Dkt #822 & #891]

February 6, 2017

STEARNS, D.J.

The motion is <u>ALLOWED</u>, in part. Having rejected the defendant's offer of a stipulation, the government is correct that it has assumed the burden of showing the cause of death of each of the twenty-five alleged murder victims. For this purpose, the proposed medical examiner's testimony is appropriate. However, the court has a different view of autopsy photos. These may have legal relevance and probative value in murder cases where premeditation is at issue (the victim was shot at close range in the back of the head), or more commonly, where the theory of first-degree murder is extreme cruelty and atrocity (the victim was stabbed 87 times and hacked with an axe).

Here, the government's task is to prove that death was caused by complications of fungal meningitis. The autopsy photos, which are, as one

would expect, gruesome, add nothing to the quality of the government's proof in this regard – a lay person would have no means of interpreting their medical significance or association with fungal meningitis. The cases cited by the government do not compel a different result. For the most part, they support exclusion. *See United States v. Rivera-Gomez,* 67 F.3d 993, 997 (1st Cir. 1995) (allowing evidence that the victim died during an attempted carjacking to prove element of "force or violence"); *United States v. Tavares*, 21 F.3d 1, 4 (1st Cir. 1994) (en banc) (applying Rule 403 to felon-in-possession cases and finding admission of the details of the prior felony to be prejudicial); *United States v. Morales-Aldahondo*, 524 F.3d 115, 120 (1st Cir. 2008) (admitting pornographic clips to prove images belonged to defendant and not, as he claimed, to his brother, as well as an element of crime – that he possessed more than three images); *United States v. Sampson*, 335 F. Supp. 2d 166, 178 (D. Mass. 2004) (reviewing admissibility of victims' photographs under the Federal Death Penalty Act during the penalty phase of a capital case to show depravity); *United States v. Frappier*, 807 F.2d 257, 262 (1st Cir. 1986) (holding nonprejudicial the admission of autopsy photos that were "not egregiously shocking" and were necessary to corroborate chief prosecution witness' account of the murder); *United States v. Naranjo*, 710 F.2d 1465, 1468 (10th Cir. 1983) (permitting a crime-scene photograph of

the victim's body that supported the pathologist's identification of victim); *United States v. Aponte-Sobrado*, 793 F. Supp. 2d 528, 529 (D. Puerto Rico 2011) (admitting "somewhat gory" autopsy photographs that corroborated and clarified testimony on a "hotly contested issue" in the case). Here, there are no hotly contested issues as to the cause of death (to the contrary, the defendant is not contesting the issue), nor issues of identification, or a need to corroborate the means by which a murder was committed.

On the other hand, Rule 403 counsels the exclusion of evidence where its probative value is outweighed by the danger of prejudice. It is "the trial judge's job to avoid unfair prejudice." *Morales-Aldahondo*, 524 F.3d at 120; *cf. Ferrier v. Duckworth*, 902 F.2d 545, 548-549 (7th Cir. 1990) (habeas court critical of state court for admitting photographs of the victim's splattered blood, noting that "[t]he only conceivable reason for placing them in evidence was to inflame the jury"); *United States v. Rezaq*, 134 F.3d 1121, 1138 (D.C. Cir. 1998) (holding that a close-up photo of victim's skull with skin removed carried the risk of significant prejudice – "photographs of gore may inappropriately dispose a jury to exact retribution").

As a qualified medical examiner, Dr. Jeffrey Jentzen will be permitted to testify to the general mechanism of death, the identity of the victims whose corpses he examined, his opinion as to the cause of death, and the reasons

underlying those opinions. He will also be permitted to identify as an exhibit the certificate of death that he prepared in each case confirming the cause. The autopsy photos, however, will be excluded as unduly prejudicial and having no discernable probative value under the circumstances.

       SO ORDERED.

       /s/ Richard G. Stearns
       _____
       UNITED STATES DISTRICT JUDGE