UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

BARRY J. CADDEN

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO EXCLUDE CERTAIN EXHIBITS
TO BE OFFERED THROUGH THE TESTIMONY
OF SAMUEL PENTA [Dkt #907]

February 14, 2017

STEARNS, D.J.

The motion is <u>ALLOWED</u>, in part.

(1) The reports and letters authorized by Pharmacy Support, Inc. (PSI), contracted by the Massachusetts Board of Pharmacy (MABOP) to audit NECC's internal practices in 2006, will be excluded. (Exhibits Nos. 894, 805). As defendant notes, Penta had no role in the preparation of the reports, nor did he have any involvement with NECC at the time they were prepared. The reports do not, as the government argues, qualify as business records for several reasons. While it is true that a proper custodian of business records need not have personal knowledge of the accuracy of the facts they record, the proponent must show that every person in the chain of preparation reported the information the records contain as a matter of

business duty or routine. This Penta cannot do. Second, there is no evidence offered by the government that the hiring of outside consultants to conduct outside audits of compounding pharmacies was a regular business practice of MABOP in 2o06, as the business records exception requires. Finally, neither the business records exception nor the public records exception covers reports of investigations that contain opinions and conclusions involving the exercise of an investigator's judgment and discretion. In this regard, the PSI investigative reports stand in no different light than does a police report in the mine run of criminal cases. *See* Fed. R. Evid. 803(8)(B).

(2) Penta may testify as to his percipient observations and the conclusions he reached during his September and October of 2012 post-outbreak inspections of NECC. His investigative report (Exhibit No. 367), however, is hearsay. Simply writing something down does not take it out of the hearsay rule. The report (and any contemporaneous personal notes) are admissible only in rebuttal of a claim or suggestion of recent contrivance.

(3) The 2004 advisory letters and any responses by defendant and the 2006 Consent Agreement are admissible as business records or as admissions by a party opponent. The government will excise the words "relating to an adverse event complaint report" from the Consent Agreement before it is shown to the jury.

(4) Penta may testify as to his percipient observations of the nearby recycling plant, but not any opinions about the plant being a potential source of contamination. There is no showing that Penta is qualified to give an opinion in this regard, and as the government admits on page 6 of its Opposition, the most that Penta could testify to is that "this recycling area *could* be the source of the contamination inside the NECC facility given its proximity" and "that contaminants from the recycling center *could* enter the NECC facility through a number of openings to the building." [Emphasis added]. This subject is too important and potentially prejudicial to consign to a layman's speculation.

(5) Exhibit 352 will be excluded absent a showing of the identity of the author(s) of the anonymous email exchange and their relationship, if any, to the defendant.

(6) Exhibit 346 will be admitted if Penta can show that it has some non-hearsay relevance to his investigation.

(7) Exhibit 361, recounting a conversation Penta had with an FDA official, will be excluded as hearsay.

(8) Penta's handwritten notes (Exhibits 364 and 366) are admissible only in rebuttal of a claim of recent contrivance, as the court previously noted.

(9) The Colorado Board of Pharmacy inquiries (Exhibits 354 and 1920) will be admitted as public records.

      SO ORDERED.

      /s/ Richard G. Stearns
      _____
      UNITED STATES DISTRICT JUDGE