UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

BARRY J. CADDEN, et al.

ORDER ON DEFENDANT BARRY CADDEN'S
MOTION TO COMPEL, PRESERVE, OR COMPLETE
THE TRIAL RECORD [DKT # 1008]

May 9, 2017

STEARNS, D.J.

A dispute has arisen between defendant Barry Cadden's attorneys and the government over a binder of compiled exhibits that it now appears may have been among the materials that were delivered to the jury by the Courtroom Clerk for use during jury deliberations. When the issue arose, during a discussion among the court and counsel over a response to a jury question about testing results that figured in racketeering acts 53-63 of Count 1 of the indictment, government counsel denied any knowledge of the location of the binder.[1] In its formal response to Cadden's motion to compel, the government appears now to take a more equivocal stance, conceding that

---

[1] The government's statement reinforced the court's view that, given the nature of the jury's question, which asked for the same exhibits that were, according to the government, compiled in the disputed binder, the jury could not have had the binder with them in the jury room.

the binder was provided to the Courtroom Clerk during the customary post-trial exhibit review, but that Cadden's counsel did not object to its inclusion in the jury materials. The government also states that it included nothing in the binder that was not properly admitted as an exhibit at trial.

If there is any possibility (and it now appears that there is a real one) that the binder was submitted to the jury, there is no reason that it should not be included in the trial record. The same is true of the government's PowerPoint presentation used in closing argument. As a Rule 611(a) pedagogical aid, there was no reason for it to be formally offered as an exhibit (and no suggestion that it went to the jury as such). But there is no reason to keep secret something that was used (effectively, in the court's judgment) in open court. Transparency is the best antidote for unwonted suspicion.

## ORDER

For the foregoing reasons, the government will deliver the binder and the PowerPoint to the court by close of business May 12, 2017, for inspection and incorporation in the record of the trial.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE