UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES OF AMERICA

v.

BARRY J. CADDEN, et al.

MEMORANDUM AND ORDER ON DEFENDANT
BARRY CADDEN'S MOTION
TO COMPEL, PRESERVE, OR COMPLETE
THE TRIAL RECORD [DKT #1008]

May 16, 2017

STEARNS, D.J.

As ordered by the court, the government has produced the disputed binder of compiled test result exhibits and a copy of the PowerPoint presentation used in closing argument. I have examined the binder and find that it consists of only properly admitted exhibits at trial (namely Exhibits 1956, 1191, 1190, 819, 396, 399, 862, 842, 891, 829, 408, 835, 902, and 582, in that order).[1] As for the PowerPoint presentation, it is a perfectly

---

[1] As the non-sequential order of exhibit numbers suggests, the binder appears to be an attempt by the government to follow the advice given to the parties by the court in the early stages of the case that they attempt to group the exhibits in binders related to specific subject matter as the system deployed to number the hundreds of trial exhibits appeared to have no comprehensible logic behind it. Each of the exhibits appears unaltered from the state in which they were admitted at trial. The only photographs are those taken by the examiner in several instances to document the drug vial being tested or to show the supporting microscopic analysis.

acceptable Rule 611(a) pedagogical aid supporting the government's closing argument. As the court observed in its January 31, 2017 ruling on the pertinent motion in limine:

> While a Rule 1006 chart is typically admitted in evidence, a Rule 611(a) pedagogical device distilling and simplifying complex data to aid counsel's argument to the jury is not. *See United States v. Milkiewicz,* 470 F.3d [390,] 397 [(1st Cir. 2006)]. The difference, as explained in [*United States v. Bray*, 139 F.3d 1104 (6th Cir. 1998)], is that charts admitted under Rule 1006 are explicitly intended to reflect the contents of the documents they summarize, and typically are substitutes in evidence for the voluminous originals, while Rule 611(a) pedagogical aids are intended to illustrate or clarify a party's position and may by way of captions or method of organization permissibly promote the inferences and conclusions the proponent seeks to draw from the evidence. 139 F.3d at 1111; *cf. United States v. Johnson*, 54 F.3d 1150, 1157-1161 (4th Cir. 1995) (summary testimony and charts allowed in a complex drug trial as a permissible "pedagogical device" under Fed. R. Evid. 611(a)).

The court will order the Clerk to include the binder and presentation in the record of the trial, but at present intends to deny the motion for a judgment of acquittal or for a new trial to the extent it is based on any alleged government misconduct regarding these two items.[2]

## ORDER

---

[2] The court will delay any final decision until defendant's attorneys have the opportunity to inspect the two items and submit any additional comments (on or before May 26, 2017).

For the foregoing reasons, the Clerk will incorporate the binder and PowerPoint presentation in the record of the trial for purposes of appeal, if any.

SO ORDERED.

/s/ Richard G. Stearns
_____
**UNITED STATES DISTRICT JUDGE**