UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 1:14-cr-10363-RGS-1 |
| | ) | |
| BARRY J. CADDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**STEARNS, D.J.**

WHEREAS, on December 16, 2014, a federal grand jury sitting in the District of Massachusetts returned a 131-count Indictment charging defendant Barry J. Cadden and 13 other individuals with a number of crimes. The Defendant was charged with Racketeering, in violation of Title 18, United States Code, Section 1962(c) (Count 1), Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count 2), Conspiracy to Defraud the United States, in violation of Title 18, United States Code, Section 371 (Count 3), Mail Fraud, in violation of Title 18, United States Code, Section 1341 (Counts 4-56), Introduction of Adulterated Drugs into Interstate Commerce with Intent to Defraud and Mislead – Insanitary Conditions, in violation of Title 21, United States Code, Sections 351(a)(2)(A), 331(a), and 333(a)(2) (Counts 57-90), Introduction of Misbranded Drugs into Interstate Commerce with Intent to Defraud and Mislead – False and Misleading Labeling, in violation of Title 21, United States Code, Sections 352(a), 331(a), and 333(a)(2) (Counts 91-94), Introduction of Misbranded Drugs into Interstate Commerce with Intent to Defraud and Mislead – No Prescriptions, in violation of Title 21, United States Code, Sections 353(b)(1), 331(a), and 333(a)(2)(Counts 95, 99 and 100) and Aiding and Abetting, in violation of Title 18, United States Code, Section 2 (Counts 57-95 and 99-100);

WHEREAS, the Indictment contained a Racketeering Forfeiture Allegation, pursuant to Title 18, United States Code, Section 1963, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts 1 and 2 of the Indictment, of:

    a. any interest acquired or maintained in violation of Title 18, United States Code, Section 1962;

    b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

    c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962.

    d. any and all salaries, bonuses, stock distributions, retirement contributions and accounts, health and life insurance benefits including premium payments, and any and all other benefits obtained through employment by and association with the entities named in the racketeering enterprise alleged in Counts 1 and 2 from 2006 through October 2012;

    e. one BMW M3 purchased on or about April 26, 2011, from BMW of Sudbury;

    f. one Sailfish Boat purchased on or about March 2, 2010, from Port Harbor Marine, Inc.;

    g. any jewelry purchased on or about December 23, 2010, and on or about December 21, 2011, from DeScenza Diamonds;

    h. any clock, timepiece, or other luxury good purchased on or about January 11, 2012, from Delaney Antique Clocks;

    i. the real property located at 13 Manchester Drive, Wrentham, Massachusetts, including all buildings, appurtenances and improvements thereon, more particularly described in a Quitclaim Deed recorded at Book 20971, Page 264 at the Norfolk County Registry of Deeds;

    j. the real property located at 15 Manchester Drive, Wrentham, Massachusetts, including all buildings, appurtenances and improvements thereon, more particularly described in a Quitclaim Deed recorded at Book 28437, Page 144 at the Norfolk County Registry of Deeds;

k. the real property located at 17 Manchester Drive, Wrentham, Massachusetts, including all buildings, appurtenances and improvements thereon, more particularly described in a Quitclaim Deed recorded at Book 28437, Page 148 at the Norfolk County Registry of Deeds; and

l. the real property located at 25 Newport Avenue, North Kingstown, Rhode Island, including all buildings, appurtenances and improvements thereon, more particularly described in a Warranty Deed recorded at Book 2437, Page 174 at the North Kingstown Office of the Town Clerk.

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant(s), (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant(s), up to the value of such assets, pursuant to Title 18, United States Code, Section 1963(m);

WHEREAS, on March 22, 2017, after a 51-day jury trial, a jury found the Defendant guilty of Count 1 (Racketeering), Count 2 (Racketeering Conspiracy), Counts 4-39 and 41-56 (Mail Fraud), Count 95 (Introduction of Misbranded Drugs), and Counts 99-100 (Introduction of Misbranded Drugs) of the Indictment;

WHEREAS, the Defendant personally obtained $7,545,501 in proceeds of the crimes of conviction;

WHEREAS, based on the evidence and testimony presented at trial and the jury's verdict as to the Defendant on March 22, 2017, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the

amount of $7,545,501, pursuant to Title 18, United States Code, Sections 1963;

WHEREAS, despite due diligence, the United States is unable to presently locate the full amount of the proceeds of the offense.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $7,545,501 in United States currency, pursuant to 18 U.S.C. § 1963 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing the forfeiture.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, upon application to and with permission of the court, conduct pursuant to Federal Rules of Criminal Procedure and 18 U.S.C. § 1963, discovery to identify, locate or dispose of forfeitable property or substitute assets.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in an amended criminal judgment to be entered by this Court against the Defendant.

SO ORDERED.

_____
RICHARD G. STEARNS
United States District Judge

Dated: 10-5-17.