UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:14-cr-10363-RGS-1 |
| | ) | |
| BARRY J. CADDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE OF
## ASSETS IN PARTIAL SATISFACTION OF MONEY JUDGMENT

**STEARNS, D.J.**

WHEREAS, on October 5, 2017, this Court entered an Order of Forfeiture (Money Judgment) and directed Barry J. Cadden (the "Defendant") to forfeit to the United States $7,545,501 in United States currency, pursuant to 18 U.S.C. § 1963 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure. *See* Docket No. 1226.

WHEREAS, the Order of Forfeiture (Money Judgment) also authorized the United States to move, at any time, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, to move to amend the Order of Forfeiture (Money Judgment) to substitute property in full or partial satisfaction of the money judgment. *Id.*

Here, the United States seeks to forfeit assets towards partial satisfaction of the money judgment (Docket No. 1226) entered by this Court pursuant to Title 18, United States Code, Section 1963(m);

WHEREAS, specifically, the United States is now seeking a preliminary order of forfeiture for the following items:

a. one BMW M3 purchased on or about April 26, 2011, from BMW of Sudbury;

b. one Sailfish Boat purchased on or about March 2, 2010, from Port Harbor Marine, Inc.;

c. any jewelry purchased on or about December 23, 2010, and on or about December 21, 2011, from DeScenza Diamonds;

d. any clock, timepiece or other luxury good purchased on or about January 11, 2012, from Delaney Antique Clocks;

e. the real property located at 13 Manchester Drive, Wrentham, Massachusetts, including all buildings, appurtenances and improvements thereon, more particularly described in a Quitclaim Deed recorded at Book 20971, Page 264 at the Norfolk County Registry of Deeds;

f. the real property located at 15 Manchester Drive, Wrentham, Massachusetts, including all buildings, appurtenances and improvements thereon, more particularly described in a Quitclaim Deed recorded at Book 28437, Page 144 at the Norfolk County Registry of Deeds;

g. the real property located at 17 Manchester Drive, Wrentham, Massachusetts, including all buildings, appurtenances and improvements thereon, more particularly described in a Quitclaim Deed recorded at Book 28437, Page 148 at the Norfolk County Registry of Deeds;

h. the real property located at 25 Newport Avenue, North Kingstown, Rhode Island, including all buildings, appurtenances and improvements thereon, more particularly described in a Warranty Deed recorded at Book 2437, Page 174 at the North Kingstown Office of the Town Clerk;

i. $1,482,200.26 seized from the Lee Munder Wealth Planning Resource account number ***-**1080, held in the name of Barry J. Cadden Irrevocable Trust;

j. $95,923.13 seized from Middlesex Savings Bank account number *****0416, held in the name of Barry and Lisa Cadden and

k. $13,316.56 seized from Middlesex Savings Bank account number *****0424, held in the name of Barry and Lisa Cadden

(collectively, the "Properties");

WHEREAS, forfeiture of substitute assets is authorized where, as a result of any act or omission of the defendant, property subject to forfeiture a) cannot be located upon the exercise of due diligence; b) has been transferred or sold to, or deposited with, a third party; c) has been placed beyond the jurisdiction of the court; d) has been substantially diminished in value; or e)

has been commingled with other property which cannot be divided without difficulty. In such instance, the court shall order the forfeiture of any other property of the defendant, up to the value of any property subject to forfeiture. *See* 18 U.S.C. § 1963(m). The United States has met the necessary criteria of § 1963(m);

WHEREAS, pursuant to and Rule 32.2(b)(2) and 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture of Assets in Partial Satisfaction of Money Judgment for the Properties;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.      The Court finds, based upon the Defendant's conviction and the unsatisfied money judgment entered against him, that the United States has established by a preponderance of the evidence the forfeitability of the Properties. Accordingly, all the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 1963.

2.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize and restrain the Properties and take such other action as necessary to preserve the Properties.

3.      Pursuant to 18 U.S.C. § 1963, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture of Assets in Partial Satisfaction of Money Judgment and notice of the United States' intent to dispose of the Properties.

4.      Pursuant to 18 U.S.C. § 1963, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

5.    Pursuant to 18 U.S.C. § 1963, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

6.    Pursuant to 18 U.S.C. § 1963, following the Court's disposition of all petitions filed under 18 U.S.C. § 1963, or if no such petitions are filed following the expiration of the period provided in 18 U.S.C. § 1963 for the filing of such petitions, the United States of America shall have clear title to the Properties.

7.    Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 1963, and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all third party interests will be addressed.

RICHARD G. STEARNS
United States District Judge

Dated: __10-24-17__

4