UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>BARRY J. CADDEN )<br>)<br>Defendants. )<br>) | Criminal No.: 14-cr-10363-RGS-1 |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR RECONSIDERATION OF THE NOVEMBER 21, 2017, ORDER ON RESTITUTION**

In its Order dated November 21, 2017, the Court correctly determined that the Parties' notices of appeal to the First Circuit divested it of jurisdiction to adjudicate the matter of restitution. That is because restitution is not a "peripheral aspect of the case," but rather a complicated legal and factual determination that implicates issues already before the First Circuit, including the Court's determination at sentencing that the patients and family members seeking restitution do *not* meet the Guideline definition of victims. The Court should not disturb its November 21, 2017 ruling that restitution should be deferred until the completion of Mr. Cadden's appeal.

**I.     The Court correctly ruled that it lacks jurisdiction to address restitution.**

In the November 21 Order, the Court correctly recognized that the Parties' notices of appeal divest it of jurisdiction "to proceed with respect to any matter touching upon, or involved in, the appeal." Electronic Order 1353 (November 21, 2017), *quoting U.S. v. George*, 841 F.3d 55, 71 (1st Cir. 2016) (*quoting U.S. v. Brooks,* 145 F.3d 446, 455-456 (1st Cir. 1998)). By virtue of those notices of appeal, the District Court's remaining jurisdiction is limited to "a 'circumscribed cluster' of ancillary or peripheral aspects of the case, such as motions for counsel

fees, actions in aid of execution of a judgment that has been appealed and not stayed, and others relating to procedures in aid of the appeal." *Id.* It is clear that the government's restitution request—which will require a mini-trial to determine complicated factual and legal issues—does not come close to falling within this narrow category of "peripheral" matters. Nor should the Court depart from the general rule that the "filing of a notice of appeal is an event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *U.S. v. Torres-Oliveras,* 583 F.3d 37, 44 (1st Cir. 2009). That general rule "derives from the notion that shared jurisdiction almost always portends a potential for conflict and confusion." *George*, 841 F.3d at 71 (*quoting Brooks,* 145 F.3d at 456). Adherence to that warning, and other similar warnings from other Courts,[1] is particularly important here where the issue of restitution is complicated, fact-specific, and heavily intertwined with the matters set for appeal and already before the First Circuit.

## II.     The Court should defer determining restitution until the conclusion of the appeal.

Having correctly determined it lacks jurisdiction to determine restitution right now, the Court should likewise exercise its discretion to defer such a determination until after the conclusion of the appeal. Such deferral is the best and safest course to avoid contradictory and confusing results given the substantial overlap and intermingling of issues. The number and significance of these overlapping issues is apparent from the face of the government's filings. As the Court is aware, the government has appealed the Judgment and Cadden's sentence. Notice of

---

[1] *See, e.g., Brooks,* 145 F.3d at 456 ("Allowing more than one court to take charge of a case at any given moment often disserves the interests of comity and judicial economy."); *U.S. v. Ienco*, 126 F.3d 1016, 1018 (7th Cir. 1997) ("The general rule….is that an appeal transfers jurisdiction from the district court to the court of appeals so that the two courts will not be stepping on each other's toes."); *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989) ("Someone must be in charge of a case; simultaneous proceedings in multiple forums create confusion and duplication of effort; the notice of appeal and the mandate after its resolution avoid these by allocating control between forums.").

Appeal [Dkt. 1176]. And in its Motion for Imposition of Restitution Order [Dkt. 1213] (pp. 2-3, fn. 3), the government makes clear that it:

> "[C]ontinues to object to this Court's determination that the patients injured by NECC's contaminated MPA were not victims of Cadden's crime for purposes of calculating Cadden's sentencing guideline range. Specifically, the government continues to object to the Court's failure to include a 2-level adjustment pursuant to § 2B1.1(b)(15) because Cadden's crimes involved a conscious or reckless risk of death or serious bodily injury, and a 4-level sentencing enhancement pursuant to § 3A1.1(b) because Cadden's crimes involved a large number of vulnerable victims."

This issue—i.e., whether the victims the government has identified meet the legal definition of "victim" under the MVRA (which is narrower than the definition of "victim" under the guidelines)—is on its face fundamental to the Court's determination of restitution, but it is also a critical part of the government's appeal. Resolving this issue at this time would, therefore, be "inconsistent with the pendency of the appeal," *see U.S. v. Hurley,* 63 F.3d 1, 24 (1st Cir. 1995), and the Court should decline to reassume jurisdiction to address these restitution issues until after the appeal is concluded.

          Respectfully submitted,

          BARRY J. CADDEN,
          By his attorneys,

           /s/   *Bruce A. Singal*_____
          Bruce A. Singal (BBO# 464420)
          Michelle R. Peirce (BBO# 557316)
          Callan G. Stein (BBO# 670569)
          DONOGHUE, BARRETT & SINGAL, PC
          One Beacon Street – Suite 1320
          Boston, MA 02108
          Telephone: (617) 720-5090
          bsingal@dbslawfirm.com
          mpeirce@dbslawfirm.com
Dated:  December 13, 2017          cstein@dbslawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on December 13, 2017.

                                              /s/   Bruce A. Singal
                                              Bruce A. Singal